UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21157
Summary Calendar
Civil Docket #H-96-CV-1392
_____

VICENTE A. MENCHACA,

                                        Plaintiff-Appellant,

                        versus

BAKER HUGHES OILFIELD OPERATIONS INC,
formerly known as Baker Oil Tools, Inc.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-1392)
_____

August 28, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[1]

        Appellant Menchaca received an adverse jury verdict on

his claim that his former employer Baker Hughes fired and

discriminated against him for filing a Workers' Compensation claim.

Because he did not timely file a motion for new trial, his notice

_____

        [1]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal was also untimely, and this court lacks jurisdiction over his appeal.

Final judgment was entered by the district court on August 17, 1999.  Under Federal Rule of Civil Procedure 59, Menchaca had ten days to file a motion for new trial, an action which would suspend the requirement of Federal Rule of Appellate Procedure 4(a)(1) that he must file a notice of appeal within 30 days of the judgment.  Menchaca did not file a timely Rule 59 motion, as his motion for new trial was filed on September 15, 1999, nearly a month after the court's final judgment.  Under FRAP 4, then, the period to file a notice of appeal expired on or about September 16, 1999.  Menchaca's notice of appeal was not filed until December 8, more than 100 days after the judgment was entered.

The time limits for filing motions for new trial and notice of appeal are mandatory and jurisdictional.  Anderson v. Pasadena I.S.D., 184 F.3d 439, 446 (5th Cir. 1999); U.S. Leather, Inc. v. H & W Partnership, 60 F.3d 222, 225 (5th Cir. 1995).

Because the notice of appeal was untimely, this court lacks jurisdiction and the appeal must be **DISMISSED.**